UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J.G.,<br><br>        Plaintiff,<br><br>   v.<br><br>FRANK BISIGNANO,<br><br>        Defendant. | Case No. 21-cv-03118-VKD<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 24 |

Katherine Siegfried, counsel for plaintiff J.G.,[1] moves for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b) after J.G. obtained an award of past-due benefits from the Social Security Administration.[2]  Dkt. No. 24.  Ms. Siegfried seeks $22,347.25 for her work representing J.G. before this Court.  *Id.*  For the reasons discussed below, the Court grants the motion.

**I.      BACKGROUND**

This case arises out of J.G.'s applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423, 1381, *et seq.*  *See* Dkt. No. 20 at 1.  J.G.'s applications were denied initially and on reconsideration.  *Id.* at 2.  An administrative law judge ("ALJ") held a hearing and subsequently issued an unfavorable decision on November 27, 2020.  *Id.*  The Appeals Council denied J.G.'s

---

[1] Because opinions by the Court are more widely available than other filings, this order refers to the plaintiff only by his initials.  This order does not alter the degree of public access to other filings in this action provided by Rule 5.2(c) of the Federal Rules of Civil Procedure and Civil L.R. 5-1(c)(5)(B)(i).

[2] Frank Bisignano, the Commissioner of the Social Security Administration, is substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

request for review of the ALJ's decision. *Id.* at 3. On April 28, 2021, J.G. filed this action seeking judicial review of the decision denying his applications for benefits. Dkt. No. 1.

On February 16, 2023, the Court issued an order granting J.G.'s motion for summary judgment, denying the Commissioner's cross-motion for summary judgment, and remanding the case for further administrative proceedings. Dkt. No. 20. The Court subsequently approved the parties' stipulation for an award of attorneys' fees in the amount of $11,440 to J.G. pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 23. On remand from this Court's order, the Social Security Administration ("SSA") concluded that J.G. is entitled to receive past-due benefits in the amount of $89,389.00. Dkt. No. 24 at 1; *see also* Dkt. No. 24-5. The agency withheld $22,347.25, representing 25% of J.G.'s past-due benefits, for the possible payment of attorneys' fees. Dkt. No. 24-5 at 4.

On April 22, 2021, prior to the filing of this appeal, J.G. and Ms. Siegfried entered into a contingency fee agreement which provides for a fee of 25% of J.G.'s past-due benefits resulting from a successful appeal. Dkt. No. 24-4. Ms. Siegried now seeks attorneys' fees in the amount of $22,347.25, representing 25% of J.G.'s overall award of past-due benefits, pursuant to 42 U.S.C § 406(b) and her fee agreement with J.G. Dkt. No. 24. Ms. Siegfried acknowledges that she must reimburse J.G. for the previous $11,440 EAJA fee award. *Id.* at 2.

The record indicates that Ms. Siegfried mailed and emailed copies of the present motion to J.G. Dkt. No. 24-2 ¶¶ 9, 10. The Commissioner filed a timely response to Ms. Siegfried's motion. Dkt. No. 25. The Commissioner takes no position regarding the reasonableness of the requested fee, but suggests that if the Court determines Ms. Siegfried is entitled to fees, it should direct Ms. Siegfried to "reimburse [p]laintiff for any fees that counsel previously received under the EAJA." *Id.* at 2. The record indicates that the Commissioner mailed its response to J.G. on November 18, 2025. *Id.* at 3. The Court has received no objection or any other response from J.G., and the time for submitting such papers has passed. *See* Civil L.R. 7-3. The motion is deemed suitable for determination without oral argument. Civil L.R. 7-1(b). Upon consideration of the moving and responding papers, the Court grants the motion for attorneys' fees.

## II. DISCUSSION

When a court renders judgment favorable to a claimant represented by an attorney, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). A court may award such fees even if the court's judgment did not immediately result in an award of past-due benefits. *Butler v. Colvin*, No. 14-cv-02050-LB, 2017 WL 446290, at *1 (N.D. Cal. Feb. 2, 2017). Although a district court may award fees under both the EAJA and § 406(b), "'the claimant's attorney must refund to the claimant the amount of the smaller fee.'" *Crawford v. Astrue*, 586 F.3d 1142, 1144 n.3 (9th Cir. 2009) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)). Section 406(b) applies only to fees for representation in federal court—a separate provision allows the SSA to award fees for representation in agency proceedings. *See* 42 U.S.C. § 406(a); *Clark v. Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008).

"Attorneys specializing in social security work 'routinely enter into contingent-fee agreements specifying that the fee will be 25% of any past-due benefits recovered, thus providing the attorney the statutory maximum of fees if the representation is successful.'" *Mercado v. Saul*, No. 16-cv-04200-BLF, 2020 WL 2512235, at *1 (N.D. Cal. May 15, 2020) (quoting *Crawford*, 586 F.3d at 1147). Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* "The statute does not specify how courts should determine whether a requested fee is reasonable" and "provides only that the fee must not exceed 25% of the past-due benefits awarded." *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."). The attorney seeking fees must show that the fees sought are reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807.

In determining a reasonable fee award under § 406(b), courts "must respect the 'primacy of

lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148, 1150 (quoting *Gisbrecht*, 535 U.S. at 793, 808). In this context, reasonableness does not depend on lodestar calculations, but upon "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Fees resulting from a contingent fee agreement are unreasonable and subject to reduction by the court "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). Although the Supreme Court has "flatly rejected [a] lodestar approach," *id*., a court may require, "not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," submission of the requesting attorney's records of the hours worked and normal hourly billing rate for noncontingent fee cases. *Gisbrecht*, 535 U.S. at 808.

Here, Ms. Siegfried has demonstrated that the requested fees are reasonable for the services rendered. Her contingent-fee agreement with J.G. provides for fees within the 25% limit imposed by § 406(b). Dkt. No. 24-4. Ms. Siegfried successfully pursued J.G.'s appeal in this Court and obtained a favorable result in which J.G. will receive substantial past-due benefits dating back to 2017. *See* Dkt. No. 24-5 at 1. Nothing in the record suggests that Ms. Siegfried's performance was substandard, or that she engaged in dilatory conduct in order to increase the amount of fees to be awarded. *See Crawford*, 586 F.3d at 1148.

Although not dispositive, Ms. Siegfried's time records indicate that she spent a total of 53.8 hours on this matter, yielding a *de facto* hourly rate of $415.38 which is less than the $500/hour Ms. Siegfried says she charges in non-contingent fee matters. Dkt. No. 24 at 5; Dkt. No. 24-2 ¶ 2. The hourly rate of $415.38 is well within the range of what courts have approved under § 406(b). *See generally Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (noting that in Social Security cases, courts have awarded fees based on *de facto* hourly rates ranging from $187.55 to $694.44). Of the 53.8 hours Ms. Siegfried spent working on J.G.'s case while it was in this Court, 36.9 hours were devoted to preparing J.G.'s motion and reply in support

4

of the motion for summary judgment. Dkt. No. 24-3. The Court finds that the time spent on these matters is reasonable.

Moreover, the Court recognizes that Ms. Siegfried assumed a risk of not recovering fees by representing J.G. on a contingency basis. *See Hearn*, 262 F. Supp. 2d at 1037 ("The courts recognize that basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss.").

Accordingly, the Court finds that the requested fees are reasonable. The motion for fees is granted.

### III.   CONCLUSION

Based on the foregoing, the motion for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b) is granted. The Court awards $22.347.25 in fees to Ms. Siegfried, which shall be paid out of J.G.'s past-due benefits. Ms. Siegfried shall refund to J.G. the $11,440 in EAJA fees previously awarded.

**IT IS SO ORDERED.**

Dated: December 16, 2025

Virginia K. DeMarchi
United States Magistrate Judge